*Draffin & Portwood, for appellants.*

---

E. M. MARSHALL, ET AL., *v.* J. M. MEYER.

**Arbitration—Parties to Action—Waiver of Capacity of Surety.**

Where an action to arbitrate is brought by heirs instead of by administrator, and defendant pleads to the merits and afterwards agrees to submit the cause to a master to audit and settle the accounts between the parties, and fails to demur on the ground of want of capacity to sue, he waives his right to object to such capacity thereafter. See Civil Code, §§ 120, 121, 122.

APPEAL FROM BOYLE CIRCUIT COURT.

June 30, 1874.

OPINION BY JUDGE PETERS:

The parties to this litigation agreed in writing to submit the matters of difference between them to arbitrators named in the

writing. They met at the time and place agreed upon with the arbitrators, and appellee entered upon the investigation without any objection to the legal capacity of appellants to assert the claim against him.

After the award was made, this action was brought upon the writing to submit, and appellee, instead of filing a demurrer to the petition on the ground that the administrator, and not the heirs of Mrs. Marshall, should sue, answered, and denied an indebtedness to appellants, and insisted that he was entitled to credits to a large amount which the arbitrators had failed to allow him, and for which he then professed to produce the vouchers; and by consent the cause was transferred to the equity docket, and by agreement of the parties it was referred to the master to audit and settle the accounts between them.

Mrs. Marshall had been dead about sixteen years when the parties entered into the agreement to arbitrate their matters; and the presumption would arise from the lapse of time, that her debts, if there were any outstanding against her when she died, had been paid, and what remained of the personalty belonged to her heirs. But if that were not so, and the personal representative was the proper person to enter into the arbitration and to bring the suit, appellee waived all such objections, first, by his written agreement to arbitrate these differences with appellants, and second, by answering to the merits and failing to demur to the petition, on the specific ground of want of legal capacity in appellants to sue. §§ 120, 121, 122, Civil Code. But besides all this, it appears in the record that the parties, by agreement, had the cause transferred to the equity docket, and it was then by the consent of the parties, referred to the master to hear the evidence, and to audit and state the accounts between them, thus, in effect, setting aside the award, and agreeing that the chancellor should take jurisdiction of the case, and settle their rights according to the principles of equity. The court had jurisdiction of the subject-matter of the controversy; and after the parties had made the agreements herein recited, the court below erred in dismissing the petition.

Wherefore the judgment is reversed and the cause is remanded, with directions to proceed to adjudicate the rights of the parties upon the preparation and evidence in the case, and for further proceedings consistent herewith.

*VanWinkle & Rodes, for appellants.*
*C. C. Fox, for appellee.*